UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHERI GIBSON,<br><br>                    Plaintiff,<br><br>       v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>                    Defendant. | Case No. C15-1632-RBL-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Sheri Gibson seeks review of the denial of her Supplemental Security Income and Disability Insurance Benefits applications.  She contends the ALJ erred in (1) assessing the medical opinion evidence, (2) discounting her credibility, (3) rejecting lay testimony, and (4) finding at step five that she can perform other jobs.  Dkt. 11 at 1.  As discussed below, the Court recommends the case be **REVERSED** and **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Ms. Gibson is currently 53 years old, has a GED and additional vocational training in medical billing and coding, and has worked in building maintenance, and as a custodian, floor

REPORT AND RECOMMENDATION - 1

layer, horse sitter, and research support assistant.[1] On April 6, 2012, she protectively applied for benefits, alleging disability as of July 5, 2007. Tr. 264-75. Her applications were denied initially and on reconsideration. Tr. 168-74, 178-88. The ALJ conducted hearings on August 15, 2013, and January 27, 2014 (Tr. 36-105), and subsequently found Ms. Gibson not disabled. Tr. 12-27. As the Appeals Council denied Ms. Gibson's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 1-3.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found:

**Step one:** Ms. Gibson did not engage in substantial gainful activity since July 5, 2007, the alleged onset date.

**Step two:** Ms. Gibson's acromioclavicular sprain and neck sprain, status post right shoulder arthroscopy with superior labral anteroposterior repair; cervical spine degenerative disc disease, status post C5-6 anterior cervical discectomy and fusion; cervicalgia; depression versus adjustment disorder (with mixed features of depression and anxiety); and pain disorder are severe impairments.

**Step three:** These impairments did not meet or equal the requirements of a listed impairment.[3]

**Residual Functional Capacity ("RFC"):** Ms. Gibson has the RFC to perform a range of light work as follows: She has no restrictions as to standing, walking, or sitting, with normal breaks. She can lift up to 20 pounds occasionally and lift/carry up to 10 pounds frequently with both arms or with the left arm alone. With the right arm alone, she can occasionally lift/carry articles like docket files, ledgers, and small tools. She cannot perform overhead reaching or lifting with her right arm. She can frequently reach below shoulder level and frequently handle with her right arm. She cannot rapidly or repeatedly rotate her head from side to side, but can turn her head and body as necessary to look side to side. She cannot rapidly or repeatedly flex her neck by moving the head forward or by bending the joint resulting in a decrease of angle, but she can flex her neck and use her eyes sufficiently to look down. She cannot rapidly or repeatedly extend the neck, but she can extend her neck and use her eyes sufficiently to look up. She can perform simple, routine tasks and follow short, simple instructions. She can do work that needs little or no judgment and she can perform simple duties that can be learned on the job in a short

---

[1] Tr. 47, 411.
[2] 20 C.F.R. §§ 404.1520, 416.920.
[3] 20 C.F.R. Part 404, Subpart P. Appendix 1.

REPORT AND RECOMMENDATION - 2

period.  She can maintain attention, concentration, persistence, and pace in an ordinary work setting on a regular and continuing basis within customary tolerances of employers' rules regarding sick leave and absence.  She needs a predictable work environment with few work setting changes.  She can work in proximity to a few coworkers, but not in a cooperative or team effort, and with no more than minimal interactions with a few coworkers.  She needs a work environment away from the general public.

**Step four:**  Ms. Gibson cannot perform her past work.

**Step five:**  As there are other jobs that exist in significant numbers in the national economy that Ms. Gibson can perform, she is not disabled.

Tr. 12-27.

**DISCUSSION**

**1.     Medical Opinions**

Ms. Gibson challenges the ALJ's assessment of multiple medical opinions.  The Court will address each disputed opinion in turn.

**A.     Daniel Phan, M.D.; Gordon Hale, M.D.; Cheryl McKeen**

Dr. Phan, a consultative examiner, opined in July 2012 that Ms. Gibson was precluded from *inter alia* frequent grasping, gripping, pushing/pulling, and reaching.  Tr. 792.  The State agency consultants, Dr. Hale and Ms. McKeen, opined that Ms. Gibson was limited to occasional pushing/pulling, reaching, handling, fingering, and feeling on the right side.  Tr. 116, 128, 143, 158.  The ALJ indicated that he credited the "more restrictive assessment" of Dr. Hale and Ms. McKeen over Dr. Phan's opinion, because the State agency opinion was more consistent with the medical evidence.[4]  Tr. 23.

According to Ms. Gibson, the VE testified at the hearing that the three jobs identified at step five all require frequent reaching, handling, and fingering, and thus the ALJ's step-five

---

[4] Ms. Gibson argues that the ALJ erred in discounting Dr. Phan's opinion (Dkt. 11 at 4), but has not explained what harm resulted, because Dr. Phan's opinion is not inconsistent with the ALJ's RFC assessment: instead, the ALJ purported to craft a more restrictive RFC assessment than indicated by Dr. Phan.  *See* Tr. 23.

REPORT AND RECOMMENDATION - 3

findings are inconsistent with the significant weight given to the State agency opinions. Dkt. 11 at 4. The Commissioner notes that the ALJ's RFC assessment actually finds Ms. Gibson capable of frequent reaching below shoulder level and handling on the right.[5] Dkt. 12 at 12. Although the Commissioner apparently highlights this portion of the RFC assessment in an attempt to argue that the step-five findings are consistent with the RFC assessment, the Commissioner has not explained why the RFC assessment is consistent with the significant weight given to the State agency opinions. The State agency opinions are more restrictive than the RFC assessment, but the ALJ provided no reason to discount them. Instead, the ALJ gave "significant evidentiary weight" to an opinion that Ms. Gibson is limited to occasional pushing, pulling, handling, and fingering on the right, while the RFC assessment places no restrictions on Ms. Gibson's pushing, pulling, or fingering, and finds her capable of frequently handling on the right. *Compare* Tr. 18 *with* Tr. 143, 158.

      The ALJ's failure to explain why the State agency opinion was not fully adopted is error. *See* Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *7 (Jul. 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."). This error is harmful because the VE testified at the hearing that if the hypothetical claimant were limited to occasional handling or fingering, she would not be able to perform "this kind of unskilled, light work." Tr. 101-02.

      The appropriate remedy for this error is a remand for further proceedings, because it is not clear that even if Ms. Gibson were found to be as limited as the State agency consultants opined, that she could not perform any work existing in significant numbers in the national

---

[5] The Commissioner also alleges that the ALJ found Ms. Gibson capable of frequently pushing and pulling on the right (Dkt. 12 at 12), but those activities are not mentioned in the ALJ's RFC assessment. *See* Tr. 17-18.

REPORT AND RECOMMENDATION - 4

economy. Thus, further proceedings would serve a useful purpose and a finding of disability at this stage is inappropriate. *See Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014). On remand, the ALJ shall reconsider the State agency opinions regarding Ms. Gibson's physical limitations, and either credit them and reconsider the RFC assessment and step-five findings accordingly, or provide legally sufficient reasons to discount them.

### B.   Wendy Coffman, M.D.; Jill Koenig, Psy.D.; Margaret Cunningham, Ph.D.; Trula Thompson, M.D.; Melanie Mitchell, Psy.D.

The ALJ gave little weight to the opinions of Drs. Coffman, Koenig, Cunningham, Thompson, and Mitchell. Tr. 23-25.

The ALJ found the opinions of Drs. Coffman, Thompson, Cunningham, and Koenig to be inconsistent with objective clinical findings, Ms. Gibson's longitudinal treatment history, her performance on physical and mental examinations, and her independent daily activities and social functioning. Tr. 24 (referencing a discussion of the evidence earlier in the decision, at Tr. 16-17, 19-22). The ALJ indicated that those providers' opinions were also based at least in part on Ms. Gibson's self-report, which was not entirely credible. *Id*.

Ms. Gibson argues that the ALJ's vague reference to "inconsistent" clinical findings, treatment history, physical and mental examinations, daily activities, and social functioning is not sufficiently specific to satisfy the Ninth Circuit's expectations. Dkt. 11 at 7. The Commissioner does not respond to this argument, but cites boilerplate cases indicating that "Plaintiff's alternate interpretation of the medical evidence is insufficient to justify overturning the ALJ's decision." Dkt. 12 at 14. The Commissioner has not shown how any portion of the ALJ's decision supports the ALJ's conclusions regarding the disputed medical opinions, but simply restates that ALJ's findings. *See* Dkt. 12 at 12-13. The Commissioner's failure to grapple with the substance of Ms. Gibson's argument is not a persuasive defense. Indeed, the

REPORT AND RECOMMENDATION - 5

Ninth Circuit has required an ALJ to link the purportedly inconsistent evidence with discounted medical opinions. *See Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) ("The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.").

This error is harmless, however, because the ALJ provided other specific, legitimate reasons to discount the opinions. The ALJ found that Dr. Coffman attributed Ms. Gibson's limitations to thoracic outlet syndrome ("TOS"), even though other evidence in the record indicated that the evidence suggested that Ms. Gibson did not have TOS. Tr. 24 (referencing Tr. 800-05, 1045-47). Ms. Gibson argues that the ALJ "unreasonably" rejected the TOS diagnosis, but does not persuasively explain why the ALJ was not entitled to rely upon the subsequent opinion of two physicians that Ms. Gibson did not meet the TOS diagnostic criteria. *See* Tr. 1106-07, 1138-39. This inconsistent evidence is a specific, legitimate reason to discount Dr. Coffman's opinions.

The ALJ also found that the opinions of Drs. Thompson, Cunningham, and Koenig were based at least in part on Ms. Gibson's self-report, which was not credible. Tr. 24. This finding is supported by substantial evidence, and provides a specific, legitimate reason to discount Dr. Cunningham's opinion. *See* Tr. 1051, 1056 (Dr. Cunningham's report, indicating reliance on self-report and that no records were reviewed). Dr. Mitchell's opinion was based entirely on a review of Dr. Cunningham's opinion, and it is therefore less probative due to Dr. Cunningham's reliance on non-credible self-reporting. *See* Tr. 1064. Dr. Koenig's opinion also references Ms. Gibson's self-report, Tr. 1170-71, and was therefore properly discounted on that basis. *See Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).

REPORT AND RECOMMENDATION - 6

**2.     Credibility**

The ALJ provided a number of reasons to discount Ms. Gibson's credibility, including daily activities (wine-making, gathering/carrying firewood, driving) inconsistent with her allegations of incapacitating right arm limitations; lack of corroboration in the medical record; and a failure to follow treatment recommendations. Tr. 19-22.

Ms. Gibson argues that a lack of corroboration in the medical record cannot alone support an adverse credibility determination. Dkt. 11 at 15. She is correct, but the ALJ also provided other valid credibility reasons, and therefore this argument does not establish error. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."). Furthermore, the ALJ referenced medical evidence that not only fails to corroborate Ms. Gibson's allegations, but also indicates a lack of full effort during testing. Tr. 21 (citing Tr. 1106, 1121-29, 1213-15). This evidence constitutes an additional clear and convincing reason to discount Ms. Gibson's credibility. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (holding that a claimant's "efforts to impede accurate testing of her limitations supports the ALJ's determinations as to her lack of credibility").

Ms. Gibson also argues that the ALJ erred in finding her wine-making, firewood, and driving activities to be inconsistent with her allegations of disabling right arm limitations, because the ALJ did not explain how those activities either contradicted her testimony or demonstrated the retention of transferable work skills. Dkt. 11 at 14-15. Ms. Gibson is mistaken: the ALJ reasonably inferred from Ms. Gibson's own description of her wine-making and daily firewood-gathering activities that those activities were inconsistent with her allegations

REPORT AND RECOMMENDATION - 7

of disabling limitations.  *See* Tr. 17 (referencing Tr. 57-60, 461, 787, 1115, 1176).

Finally, the ALJ also noted that the medical record showed that Ms. Gibson did not consistently follow her treatment recommendations regarding medication.  Tr. 19 (citing Tr. 847-50, 859).  Ms. Gibson argues that the ALJ should have first considered "his [*sic*] reasons for" failing to follow prescribed treatment (Dkt. 11 at 15), but does not persuasively explain any such reasons.

Because the ALJ provided a number of clear and convincing reasons to discount Ms. Gibson's testimony, the adverse credibility determination should be affirmed.

**3.     Lay Testimony**

Many of Ms. Gibson's friends and family members wrote statements describing her activities, symptoms, and limitations.  Tr. 456-65.  The ALJ found that these statements were similar to Ms. Gibson's own testimony, and that the lay statements therefore lacked credibility for the same reasons that Ms. Gibson's testimony lacked credibility.  Tr. 25.

Ms. Gibson argues that the ALJ erred in discounting lay evidence on the grounds that it conflicts with objective evidence, because the lay evidence describes "details the medical evidence cannot[.]"  Dkt. 11 at 16.  But the Ninth Circuit finds that inconsistency with the medical evidence is a sufficient reason to discount lay statements.  *See, e.g.*, *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).  Furthermore, Ms. Gibson has not shown that the ALJ erred in finding that the lay statements were similar to her own testimony, and thus the ALJ did not err in discounting the lay statements for the same reasons that support the adverse credibility determination.  *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (holding that because "the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and because [the lay witness's] testimony was similar to

REPORT AND RECOMMENDATION - 8

such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness's] testimony").

Accordingly, the ALJ's assessment of the lay witness statements should be affirmed.

**4.      Labor & Industries (L&I) Decision[6]**

The ALJ discounted an L&I decision (Tr. 467-76) because L&I determinations "involve different rules and processes" than relevant for Social Security disability decisions. Tr. 24. Ms. Gibson summarized the L&I decision, and the ALJ's assessment of that opinion, but provided no argument as to why the ALJ's assessment is erroneous. Dkt. 11 at 17. Ms. Gibson has failed to meet her burden to show harmful error in this portion of the ALJ's decision. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

## CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's decision be **REVERSED** and the case be **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should reconsider the State agency opinions regarding Ms. Gibson's physical limitations, and either credit them and reconsider the RFC assessment and step-five findings accordingly, or provide legally sufficient reasons to discount them.

A proposed order accompanies this Report and Recommendation. Any objection to this Report and Recommendation must be filed and served no later than **April 15, 2016.** If no objections are filed, the Clerk shall note the matter for April 22, 2016 as ready for the Court's consideration. If objections are filed, any response is due within 14 days after being served with

---

[6] Ms. Gibson did not assign error to the ALJ's assessment of this evidence on the first page of her opening brief, as required by the Court's scheduling order. *See* Dkt. 10; Dkt. 11 at 1. In the future, counsel is instructed to carefully review the scheduling order to ensure compliance, or else the Court will impose an appropriate sanction.

REPORT AND RECOMMENDATION - 9

1  the objections.  A party filing an objection must note the matter for the Court's consideration 14

2  days from the date the objection is filed and served.  Objections and responses shall not exceed

3  ten pages.  The failure to timely object may affect the right to appeal.

4        DATED this 4th day of April, 2016.

                                                        BRIAN A. TSUCHIDA
                                                      United States Magistrate Judge

REPORT AND RECOMMENDATION - 10